a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RAY SHAWN FREENEY,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00179<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHRIS MCCONNELL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Ray Shawn Freeney ("Freeney") (#47029-177). Freeney is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Freeney challenges his conviction and sentence for unlawful possession of a firearm.

Because the Court lacks jurisdiction over Freeney's Petition (ECF No. 1), it should be DISMISSED.

I. **Background**

Freeney was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Freeney was sentenced to 120 months of imprisonment. *See United States v. Freeney*, 638 F. App'x 391 (5th Cir. 2016). His appeal was dismissed. *Id.* Freeney filed a motion to vacate his conviction under 28 U.S.C. § 2255, which was denied. *United States v. Freeney*, 3:13-CR-337, 2020 WL 4569070, at *1 (N.D. Tex. Aug. 7, 2020). Freeney then filed a document

1

titled "Jurisdiction" in the United States Court of Appeals for the Fifth Circuit, in which he appeared to challenge his conviction and sentence based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019). *See In re Freeney*, No. 20-10579 (5th Cir. 6/11/2020). The Fifth Circuit construed the filing as a request for authorization to file a successive § 2255 motion, and denied the motion. *See In re Freeney*, No. 20-10579 (5th Cir. 9/23/2020).

Freeney now challenges his conviction under § 2241 based on *Rehaif*.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either § 2241 or § 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The requirements of the savings clause of § 2255(e) were established in *Reyes–Requena*. A petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904; *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

Freeney argues that he is entitled to proceed under the savings clause because *Rehaif* announced a new rule of statutory law that applies retroactively. In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college, but was dismissed for poor grades. *Rehaif*, 139 S.Ct. at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the

petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully present in the United States under § 922(g) and § 924(a)(2). After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under § 922(g), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm. *Id.* at 2195.

Although the Supreme Court and the Fifth Circuit have not declared whether *Rehaif* applies retroactively in § 2255 or § 2241 cases on collateral review, the Eleventh Circuit and numerous district courts—including this and other courts within the Fifth Circuit—have determined that *Rehaif* is not retroactively applicable in either instance.[1] Several courts have also noted that *Rehaif* did not change the substantive law because being a felon in possession of a firearm remains a valid

---

[1] *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* was not made retroactive to cases on collateral review); *McCaa v. United States*, 1:20-CV-991, 2020 WL 7093912 (W.D. La. Nov. 5, 2020), *report and recommendation adopted*, 2020 WL 7083424 (W.D. La. Dec. 3, 2020); *Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020) (*Rehaif* does not apply retroactively to satisfy the savings clause); *Williams v. Underwood*, 3:19-CV-2043, 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020) (*Rehaif* does not satisfy the savings clause because it is not retroactively applicable), *report and recommendation adopted*, 2020 WL 1862576 (N.D. Tex. Apr. 14, 2020); *Hobgood v. United States*, 4:20-CV-1, 2020 WL 710149, at *2 (E.D. Tenn. Feb. 12, 2020) (same); *Hunter v. Quintana*, 5:19-CV-300, 2020 WL 50399, at *2 (E.D. Ky. Jan. 3, 2020) (same); *Nixon v. United States*, 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Dunbar v. Wilson*, No. 3:19-CV-2066 (N.D. Tex. Dec. 27, 2019) (same), *report and recommendation adopted*, (N.D. Tex., Jan 28, 2020); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019) (Petitioner cannot meet requirements of *Reyes-Requena* through *Rehaif*); *Moss v. Dobbs*, 8:19-CV-02280, 2019 WL 7284989, at *7 (D.S.C. Sept. 23, 2019), *report and recommendation adopted*, 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

criminal offense. *See, e.g. Rhodes v. Warden*, 1:20-CV-1725, 2021 WL 805503, at *3 (D.S.C. Mar. 3, 2021) (collecting cases).

Because *Rehaif* is not retroactively applicable to cases on collateral review, Freeney cannot meet the first requirement of the savings clause.

Even if *Rehaif* applied retroactively, Freeney's claim would still fail because *Rehaif* would not establish that Freeney was "actually innocent" of the § 922(g) charge. Freeney does not allege or even suggest that he was unaware of his status as a convicted felon. *See, e.g., Gray v. United States*, 3:19-CV-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020) ("While *Rehaif* was in a situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction."). Therefore, even if *Rehaif* applied retroactively, it would not establish that Freeney was actually innocent.

### III. Conclusion

Because Freeney cannot meet the requirements of the savings clause of § 2255(e), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Freeney's claim.[2]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

---

[2] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 24, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE